Sanders, JaNet L., J.
This is an action, brought pursuant to G.L.c. 150C, §11, seeking to vacate an arbitrator’s award in favor of the Town of Saugus (the “Town”). The award concerned the Town’s right to revise minimum staffing requirements of the Saugus Police Department so as to reduce the need for overtime. The Saugus Police Patrol Officers’ Union (the “Union”) initiated the arbitration, claiming that the change violated the collective bargaining agreement that it had with the Town. The arbitrator concluded that the grievance was not arbitrable because shift staffing decisions like the one at issue are the Town’s prerogative and cannot be bargained away. In seeking to vacate that award, the Union in essence contends that the arbitrator committed an error of law. This Court concludes that, given the narrow scope of judicial review, the award should stand.
The undisputed facts can be summarized as follows. The Town and Union have been parties to a series of collective bargaining agreements. The last signed agreement expired in 2002, although the Town continued to adhere to the shift staffing levels that agreement set forth. After originally approving a police overtime budget for fiscal year 2007, the Town voted to reduce that budget by $35,000. After the Department of Revenue warned the Town that it was at some financial risk, the Town Manager froze the remaining money in the overtime account and in March 2007, revised the minimum staffing requirements that would trigger overtime. The Union filed a grievance against the Town on the grounds that this was in violation of the provisions of the collective bargaining agreement. A hearing on the grievance was held in June and November 2009 before an arbitrator appointed by the American Arbitration Association, Harvard Law School Professor Elizabeth Bartholet. The Union argued in that proceeding that the Town could not freeze funds already allocated. In a decision rendered in February 2010, the arbitrator held that the decision at issue was one of those “nondelegable rights of management” which may not be abandoned by agreement and that an arbitrator may not contravene. The Union’s grievance was therefore not arbitrable. This lawsuit ensued.
The scope of judicial review of an arbitrator’s award is quite limited. Sheriff of Suffolk County v. AFSCME Council 93, Local 419, 67 Mass.App.Ct. 702, 706 (2006). A court may not reexamine any determination of fact or of law made in the arbitration process except for circumstances set forth in G.L.c. 150C §11. Fall River v. Teamsters Union, Local 526, 27 Mass.App.Ct. 649 (1989). That statute states that an award shall be vacated only if procured by corruption or bias, if the arbitrator exceeded her powers, or if she “rendered an award requiring a person to commit an act or engage in conduct prohibited by law.” The Union argues that the award here must be set aside based on this last grounds because “it permits to Town to commit an unlawful act—allowing the Town to defund a minimum manning provision in a collective bargaining agreement during the middle of a fiscal year . . .’’In this Court’s view, that is simply another way of saying that the arbitrator committed an error of law because she did not grant the Union’s request to require the Town to adhere to the minimum staffing requirements (something that the arbitrator herself believed was unlawful for her to order). This is not what G.L.c. 150C, §11 meant when it stated that an arbitrator could not compel an illegal act, and does not support the judicial intrusion into the arbitral process that the Union seeks.
In somewhat of an about-face, the Union argues in the alternative that the arbitrator had no jurisdiction to hear the matter because the collective bargaining agreement upon which the Union itself relied in bringing a grievance was of no legal effect. In support of its position, the Union cites Boston Housing Authority v. National Conference of Firemen and Oilers, Local 3, 458 Mass. 155 (2010), which held that so-called “evergreen clauses” in lapsed collective bargaining agreements could not extend the terms of those agreements beyond three years. In that case, the BHA, like the Town here, cut back on minimum staffing requirements, citing fiscal concerns. The Union filed a grievance and the arbitrator entered an award in its favor. In reversing the lower court decision to confirm the award, the SJC agreed with the BHA’s position that it was not limited in what it could do by an earlier “Memorandum of Understanding” which had expired more than three years before, despite the presence of an “evergreen clause” purporting to extend it during any subsequent negotiations. That was because such clauses violated G.L.c. 150E, §7(a), which imposed a three-year limitation on public collective bargaining agreements.
Certainly, if the arbitrator in the instant case had made an award in the Union’s favor, the Town could *625 rely on the BHA decision in seeking to have such an award vacated. Where the Union initiated the grievance in the first place on the grounds that the Town had violated the agreement, it makes no sense for it to use the BHA case in its favor in order to overturn an award which essentially reached the same result which would have obtained if the arbitrator had specifically found that no agreement was in effect. Indeed, G.L.c. 150C, §11 itself would seem to preclude this; one may apply to have an award vacated if no arbitration agreement exists, provided that the applicant raised an objection to participating in the arbitration hearing at the time. As the Court stated in Lydon v. Boston Sand & Gravel Co., 175 F3d 6, 13 (1st Cir. 1999), to allow a party to take one position in arbitration and the exact opposite in court would vitiate the value of arbitrators as decision makers.
For these and other reasons articulated by the Town in its Memorandum of Law, the Town’s Motion for Judgment on the Pleadings is therefore ALLOWED and it is hereby ORDERED that the judgment enter CONFIRMING the award and DISMISSING the plaintiffs complaint, with prejudice.