After an arbitrator decided that a dispute between these two parties was subject to arbitration under their collective bargaining agreement (CBA), Collaborative for Education Services, Inc. (Collaborative) filed a complaint in Superior Court, and moved "to vacate arbitrator's award, to stay arbitration and for declaratory judgment." SEIU Local 509 (union) filed a cross motion to confirm the arbitrator's decision. A Superior Court judge allowed the union's motion and denied Collaborative's motion, and entered judgment accordingly, from which Collaborative now appeals. We affirm.
Background. At issue before us is an interpretation of the CBA and how it relates to conditional employees. The CBA states that an employee must work a "conditional employment period of three consecutive years," during which the "employee may be discharged, laid off, suspended or demoted without recourse by the employee or the Union under the grievance or arbitration procedures established by this Agreement" (conditional employment provision). The CBA further contains a nondiscrimination provision, which states that neither party will "discriminate against any employee in violation of any law on the basis of ... union activity." Finally, the CBA lays out a grievance procedure that provides that if either party disputes the application or interpretation of the CBA and the parties cannot reach an agreement, it may be submitted to arbitration.
The grounds for this appeal began in June, 2014, when Collaborative opted not to renew the contract for a conditional employee (employee) who was nearing the end of her conditional employment period. The union subsequently filed a grievance on behalf of the employee, asserting that her termination was the result of her union activity and therefore violated the nondiscrimination provision of the CBA. Collaborative responded to that grievance by stating that neither the employee nor the union on the employee's behalf was entitled to file such a grievance because the employee was a conditional employee. In response, the union sought arbitration.
The substance of the grievance has never been addressed, as the parties agreed to bifurcate the arbitration and address first whether the grievance is even subject to arbitration. The arbitrator determined that the matter was arbitrable as the asserted discrimination directly related to the employee's termination, and that it was unreasonable to interpret the conditional employment provision as extending so far that no remedies would exist for unlawfully discriminatory terminations.[2] While recognizing that the employee was a conditional employee under the CBA, the judge determined that the nondiscrimination provision applied to "any employee" and that the arbitrator's conclusion that the matter was subject to arbitration was a plausible interpretation of the CBA. Collaborative appeals.
As the issue before us is a "gateway dispute about whether the parties are bound by a given arbitration clause," we review the judge's decision de novo. Feeney v. Dell Inc., 454 Mass. 192, 198-199 (2009), quoting from In re Am. Express Merchants' Litig., 554 F.3d 300, 311 (2d Cir. 2009). See Commonwealth v. Philip Morris Inc., 448 Mass. 836, 844 (2007). Especially when a CBA contains a broad arbitration provision, such as the agreement in question, "[d]oubts should be resolved in favor of coverage." Local No. 1710, Intl. Assn. of Fire Fighters, AFL-CIO v. Chicopee, 430 Mass. 417, 421 (1999), quoting from AT & TTechnologies, Inc. v. Communications Wkrs., 475 U.S. 643, 650 (1986). Where an arbitration clause exists, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' " Falmouth Police Superior Officers Assn. v. Falmouth, 80 Mass. App. Ct. 833, 838-839 (2011), quoting from Local No. 1710, supra. The presumption of arbitrability may be "successfully rebutted only if the party resisting arbitration shows either (1) the existence of an express provision excluding the grievance from arbitration or (2) the 'most forceful evidence' of a purpose to exclude the claim from arbitration." Sheriff of Suffolk County v. AFSCME Council 93, Local 419, 75 Mass. App. Ct. 340, 343 (2009), quoting from Paper, Allied-Industrial, Chem. & Energy Wkrs. Intl. Union Local 4-2001 v. Exxon Mobil Ref. & Supply Co., 449 F.3d 616, 620 (5th Cir. 2006).
In Falmouth Police, supra at 838-840, the presumption of arbitrability was successfully rebutted upon a showing that the agreement limited arbitrable grievances to violations of the terms of the agreement and the grievance did not fall under those specified terms.[3] Collaborative asks us to read the conditional employment provision, which states that conditional employees have no recourse under the CBA's grievance or arbitration procedures upon being "discharged, laid off, suspended or demoted," as extending to include a termination that violates the CBA's nondiscrimination provision. Further, Collaborative suggests that the CBA, despite the fact that the nondiscrimination provision unambiguously applies to "any employee," establishes its point so clearly that there is a "positive assurance" that the CBA's arbitration provision cannot be utilized by conditional employees alleging discrimination. Id. at 838.
We consider the CBA "in a reasonable and practical way, consistent with its language, background, and purpose." Sheriff of Suffolk County, supra at 342 (quotation omitted). Absent clearer language in the CBA to support Collaborative's interpretation of the contract, and keeping in mind that such a conclusion would leave a conditional employee with no recourse under the CBA in the event of a discriminatory termination, we disagree with Collaborative. Having reviewed the CBA, we cannot say with positive assurance that the contract is not susceptible of the interpretation advanced by the union: that the nondiscrimination provision protects all employees and is separate and distinct from the conditional employment provision. As such, the CBA could be appropriately read to subject the grieved action-that the employee was allegedly terminated as the result of her union activity-to the CBA's arbitration provision. See Falmouth Police, supra at 838-840.
Judgment affirmed.

The arbitrator wrote as follows: "It is fair to assume that if, during the bargaining for [the conditional employment provision], the Employer had said to the Union words to the effect of 'If you agree to our proposal, we will be able to terminate a conditional employee, with contractual impunity, on the grounds that this employee is gay or black or otherwise protected by the law, and you cannot grieve or arbitrate that termination,' the Union would not have knowingly signed on. It is important, therefore, to harmonize the two provisions so that both provisions are accorded their intended meaning."

In Falmouth Police, supra at 835, the employee argued that his termination was not supported by just cause. The agreement in question provided for arbitration only in the event of a "violation of the terms of this Agreement." Id. at 835. Whether a termination must be accompanied by just cause was not addressed in the CBA, and the court concluded that the employee's grievance was not subject to the CBA's arbitration provision. Id. at 836-840